**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH STOGDEN, | Case No.   1:26–CV–04634–HBK |
| Plaintiff, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| v. | DATE:   September 17, 2026 |
| SAVVY INSURANCE SOLUTIONS, LLC., | TIME:   10:45 AM |
| Defendant. | HELENA M. BARCH-KUCHTA U.S. MAGISTRATE JUDGE |

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to enter a Case Management and Scheduling Order "as soon as practicable."  Therefore, it is ORDERED all parties shall appear at a telephonic Scheduling Conference (dial-in number: 1-888-204-5984; passcode: 4446176) before United States Magistrate Judge Helena M. Barch-Kuchta at the above time and date.  Counsel shall appear for represented parties.  An unrepresented party must appear personally.

The Court is unable to conduct the Scheduling Conference until the defendants have been served with the summons and complaint.  Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendant(s) against whom plaintiff(s) will not pursue claims.  Plaintiff(s) shall complete service of summons and complaint consistent with Fed. R. Civ. P. 4 and promptly file proofs of service so the Court has a record of service.  Failure to serve the summons and complaint timely may result in the imposition of sanctions, including the dismissal of unserved defendant(s).

1

Due to Rule 16 mandates, the Court serves this Order upon plaintiff(s) before appearances of the defendant(s) are due. Accordingly, it is HEREBY ORDERED plaintiff(s) shall serve a copy of this Order on the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules of Practice for the Eastern District of California.

### *Rule 26(f) Conference & Rule 26(f)(3) Discovery Plan*

At least twenty-one (21) days prior to the Scheduling Conference, counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference should preferably be a personal conference between all counsel but, due to the distances involved in this District, a telephonic or video conference call involving all counsel is permissible. Because the parties must employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action (*see* Fed. R. Civ. P. 1; 16(c)(2)(P), the parties must thoughtfully consider the proportional needs of this case given the claims, defenses, and other considerations in Rule 26(b)(1), and meaningfully discuss all issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3)).

Discovery Relating to Electronic, Digital and/or Magnetic Data. Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer-based evidence which may be used to support claims or defenses.

(1) Duty to Notify. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

(2) Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

/////

2

a. Computer-based information (in general).  Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation;

b. E-mail information.  Counsel shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol.  This should include an agreement regarding inadvertent production of privileged e-mail messages;

c. Deleted information.  Counsel shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

d. Back-up data.  Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which back-up data is needed and who will bear the cost of obtaining back-up data.  The Joint Scheduling Report shall summarize the parties conference relating to discovery of electronic data.

Preparation of Joint Scheduling Report.[1] **No later than two (2) full weeks** prior to the Scheduling Conference the parties[2] shall file and e-mail the Joint Scheduling Report, in Word format, to: hbkorders@caed.uscourts.gov.  The Joint Scheduling Report shall indicate the date and time of the Scheduling Conference opposite the caption on the first page of the Report.  The Joint Scheduling Report shall include:

(1)    A brief summary of the factual contentions (*e.g.*, uncontested and contested facts), and legal contentions (*e.g.,* disputed and undisputed positions, jurisdiction, and venue), set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

/////

/////

[1] A template in word of the Joint Scheduling Report is available on Judge Helena M. Barch-Kuchta's Chamber's Page under "Standard Forms."

[2] If a party refuses to participate in preparing the Joint Scheduling Report, the non-offending party shall detail the party's effort to get the offending party to participate.  The non-offending party shall still file the report two (2) full weeks prior to the Scheduling Conference and list the non-offending party's proposed dates.  Absent good cause presented by the offending party prior to the Scheduling Conference, the dates proposed by the non-offending party will be presumed to be the dates jointly offered by the parties.  The offending party may be subject to sanctions, including monetary sanctions, to compensate the non-offending party's time and effort incurred in seeking compliance in drafting the Joint Scheduling Report.

(2)    A complete and detailed discovery and pretrial plan addressing the following components, and including agreed dates or specifying where there is a disagreement:

    a.    Date for the exchange of Fed. R. Civ. P. 26(a)(1) initial disclosures or the date disclosures were completed;

    b.    Proposed deadline for amendments to pleadings, and if an amendment is anticipated, a general description of the proposed amendment, *e.g.,* additional parties, adding/removing claims;

    c.    Firm cut-off date for non-expert discovery;[3]

    d.    Firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2), and a date for any supplemental expert disclosures;

    e.    Firm cut-off date for expert witness discovery;

    f.    Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);

    g.    Whether the parties anticipate the need for a protective order relating to the discovery of information relating to HIPPA, a trade secret, or other confidential information, research, development, or commercial information;

    h.    Any issues or proposals relating to the timing, sequencing, phasing, or scheduling of discovery;

    i.    Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery;

    j.    Whether any party anticipates video and/or sound recording of depositions;

    k.    Date for filing non-dispositive and dispositive pre-trial motions, with the understanding that motions (except motions *in limine* or other trial motions) will not be entertained after the agreed upon date;

    l.    Pre-trial conference date; and

    m.    Trial date.

---

[3] The Court follows the rule that the completion date means that all discovery must be finished by the deadline set in the Rule 16 Case Management and Scheduling Order.  Motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

(3) The parties must thoroughly discuss settlement before preparing the Joint Scheduling Report and engaging in extensive discovery. Even if settlement negotiations are progressing, the parties must comply with the requirements of this Order unless otherwise excused by the Court because the entire case has settled.[4] This Court's local rules require a settlement conference to be held in all actions unless otherwise ordered by the Court. The parties shall state in the Joint Scheduling Report whether they desire to participate in private mediation, the Court's VDRP, or a settlement conference before a Magistrate Judge, and state whether such settlement option will occur before engaging in discovery, after discovery, or after pre-trial motions, etc. E.D. Cal. L.R. 270, 271.

(4) The parties shall indicate whether the case is to proceed to a jury or bench trial and provide an estimate of the number of trial days required. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

(5) An estimate of the number of trial days required. If the parties cannot agree to the number of days, each party shall give their best estimate. In estimating the number of trial days, the parties should keep in mind that this Court is normally able to devote the entire day to trial.

(6) The case opening documents in this action include important information and a form regarding consent/decline to magistrate judge jurisdiction, or in the case of actions assigned pursuant to Appendix A of the Local Rules, a form to opt-out of magistrate judge jurisdiction. Unless this action is assigned pursuant to Appendix A of the Local Rules, the parties are required to consider whether they will consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C section 636(c). **Except in the event this case is assigned pursuant to Appendix A of the Local Rules, the parties must file completed consent/decline forms no later than the date for filing the Joint Scheduling Report (i.e., two weeks in advance of the Scheduling Conference).** All discovery and non-dispositive motions are routinely heard by the Magistrate Judge whether the parties consent.

/////

/////

---

[4]If the entire case is settled prior to the Scheduling Conference, the parties must immediately notify the Court. *See* E.D. Cal. L.R. 160. The Court will vacate the Scheduling Conference.

(7)    Removal Cases.  Upon removal and no later than 14 days after entry of this order, counsel for the removing party shall serve the Complaint, Notice of Removal, Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and a copy of this order upon all opposing parties and all parties who have made an appearance in the originating jurisdiction, and shall file by that same deadline a proof of service of the civil case opening documents noted above.

(8)    Transfer Cases.  Upon transfer, counsel for plaintiff shall serve the Complaint, Notice of Removal (if applicable), Summons, Notice of Assignment to a United States Magistrate Judge and Declination of Consent Form, and all other new case documents upon all parties who have not yet made an appearance in the originating jurisdiction.  If Plaintiff wishes to have a summons issued for any unserved defendant(s) in this action, Plaintiff must contact the Clerk's Office for issuance.

(9)    The parties shall state whether either party requests bifurcation, or phasing of trial, or has any other suggestion for shortening or expediting discovery, pre-trial motions, or trial.

(10)    The parties shall state whether this matter is related to any matter pending in this Court or any other court, including bankruptcy court. E.D. Cal. L.R. 123.

(11)    Unless a party justifies an express objection in the Joint Scheduling Report to service of discovery by e-mail, the Court considers all parties to have expressly consented to service of discovery by e-mail and shall specifically identify the e-mail addresses or electronic service accounts to be used. Fed. R. Civ. P. 5(b)(2)(E).

***Timing of the Mandatory Scheduling Conference***

The Scheduling Conference is set at the time the Clerk issues summons in this action.  The Court is mindful that in some situations the case is not procedurally in the posture for the date and time set for the Scheduling Conference.  Such situations include, but are not limited to, those in which all defendant(s) have not yet been served or have not filed an answer to the complaint, the defendant has defaulted, or where there is a pending motion to dismiss and/or motion to remand (in removal actions).  If such circumstances exist, the parties should inform the Court prior to the Joint Scheduling Report filing deadline if they wish to continue the Scheduling Conference.

/////

6

Alternatively, the Court will consider advancing the Scheduling Conference if the parties request an earlier date for the Scheduling Conference and have already filed their Joint Report.

### *Important Chambers' Information*

The parties are directed to the Court's website at www.caed.uscourts.gov. for specific information regarding court procedures.  Specific information for Magistrate Judge Helena M. Barch-Kuchta can be found by selecting "U.S. Magistrate Judge Helena M. Barch-Kuchta" from the "Judge" and "all Judges" tab and then selecting "Civil Procedures" under the "Case Management Procedures" heading.  A template in word of the Joint Scheduling Report is available on Judge Helena M. Barch-Kuchta's Chamber's Page under "Standard Forms."

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference or otherwise fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default judgment, or other appropriate sanctions, may be ordered.**

DATED:    June 16, 2026

_Helena M. Barch-Kuchta_
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7