UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSH STOGDEN,

               Plaintiff(s),

            v.

SAVVY INSURANCE SOLUTIONS, LLC.,

               Defendant(s).

Case No.:  **1:26‒CV‒04634‒JLT‒HBK**

**STANDING ORDER**

**I.**      **LAW AND MOTION**

      **A.**    **Calendar**

Civil motions may be set any day at 9:00 a.m. in Courtroom 4, located on the seventh floor. It is not necessary to clear a date prior to scheduling a civil motion. The parties are required to comply with Local Rule 230 and all other applicable rules and notice requirements.

Due to the ongoing lack of judicial resources and until further notice, the parties should expect that all civil motions will be submitted for decision on the papers without oral argument. The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements with respect to motions. There may be occasions where the court will keep a motion hearing on calendar or reset that motion for oral argument. In those cases, the court will inform the parties by minute order and will provide logistical information.

/////

1

**B.**     **Briefs**

Unless prior leave of court is obtained, no moving or opposing briefs or legal memoranda in civil cases shall exceed 25 pages[1]. Reply briefs may not exceed 10 pages. Only for good cause shown will the court grant an application to extend these page limitations. Briefs that exceed the page limitations or are sought to be filed without leave of court may not be considered. Finally, no supplemental briefs may be filed without prior leave of court.

**C.**     **Meet and Confer Requirement**

Before filing a motion in a case in which the parties are represented by counsel, counsel **SHALL** engage in a prefiling meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the court. **In the notice of motion, counsel for the moving party shall certify that meet and confer efforts have been exhausted and include a summary of meet and confer efforts.**

**D.**     **Motions to be Set Before the Assigned Magistrate Judge**

The parties are directed to review Local Rule 302(c) with care. All motions referenced therein shall be set before the assigned magistrate judge. In addition to the motions already listed in Local Rule 302(c), the following categories of motions shall be noticed for hearing before the assigned magistrate judge:

1.     Motions seeking the appointment of a guardian ad litem;

2.     Motions to approve minors' compromises;[2]

3.     Motions for class certification and decertification pursuant to Federal Rule of Civil Procedure 23;

4.     Motions for preliminary and/or final approval of class action settlements and/or Fair Labor Standards Act collective actions.

/////

---

[1] The parties shall use Times New Roman, 12 pt. Footnotes may be no smaller than 11 pt.

[2] Magistrate judges may resolve motions seeking the appointment of a guardian *ad litem* by way of order, while all other motions may be resolved by issuance of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(A).

From time-to-time, the Court may refer other motions to the assigned magistrate judge for the issuance of findings and recommendations by separate orders in particular cases.

### E.    Courtesy Copies

The parties SHALL NOT provide courtesy copies of any filed documents unless the Court specifically requests them.

### F.    Proposed Orders

The parties need not submit proposed orders for motions to dismiss or motions for summary judgment unless the court specifically orders otherwise. However, as to all other motions and stipulations, the parties SHALL submit proposed consent decrees and/or proposed findings of fact, where such documents are relevant. Where required, proposed orders shall be submitted in compliance with Local Rule 137(b) and emailed in Word format to JLTorders@caed.uscourts.gov.

## II.    EX PARTE APPLICATIONS

Typically, the court will not hear ex parte applications but will take them under submission for decision on the papers unless otherwise notified. The filer is required to contact the courtroom deputy clerk and the opposing party before filing the ex parte application to advise that such request is being made. The application must indicate whether an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

## III.    TROs and INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 231. The court typically will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The moving party **SHALL** demonstrate in the moving papers that the emergency relief is timely. Local Rule 231(b).

## IV.    SEALING and PROTECTIVE ORDERS

No document will be sealed, nor may a redacted document be filed, without the prior approval

of the court. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

## V.    UTILITY PATENTS

To the extent practicable and to the extent that they do not conflict with the Local Rules of this Court, the Patent Local Rules for the Northern District of California shall apply to all civil actions which involve, in whole or in part, the infringement, invalidity, or un-enforceability of a utility patent.

## VI.    FINAL PRETRIAL CONFERENCES

The parties are required to submit a **joint** pretrial statement. It **SHALL** be filed **14 days** before the final pretrial conference hearing date and emailed as a Word document to: JLTorders@caed.uscourts.gov.

## VII.    TELEPHONIC APPEARANCES

Remote appearances are encouraged. If any party wishes to appear by Zoom video conference, at least five court days in advance of the hearing, that party shall email imunoz@caed.uscourts.gov to notify the court. If approved, the court will provide access information to the parties.

## VIII.    CONSENT TO MAGISTRATE JUDGE JURISDICTION

The judges of the United States District Court for the Eastern District of California have long labored under one of the heaviest caseloads in the nation. Thus, to the extent that this case is not already assigned to a magistrate judge through the Court's opt-out system, the parties in all civil cases **SHALL** discuss with their clients their option of consenting to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). The magistrate judges of this court are highly skilled, experienced trial judges. Moreover, because magistrate judges cannot preside over felony criminal trials, trial dates in civil cases can be set before the assigned magistrate judge with the expectation that the trial will commence on the date scheduled.

## IX.    NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case was removed to this court by noticed removal, in which case the defendant **SHALL** serve this order on all other parties.

IT IS SO ORDERED.

DATED:   July 10, 2026

_____
UNITED STATES DISTRICT JUDGE