Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendant
SAVVY INSURANCE SOLUTIONS, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH STOGDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAVVY INSURANCE SOLUTIONS, LLC,<br><br>Defendants. | Case No. 1:26-cv-04634-JLT-HBK<br><br>Case Assigned to the Hon. Jennifer L. Thurston<br><br>**DEFENDANT SAVVY INSURANCE SOLUTIONS, LLC'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Complaint Filed: June 15, 2026 |

Defendant Savvy Insurance Solutions, LLC ("Defendant" or "Savvy"), by and through its attorneys, answers and submits affirmative defenses to the Class Action Complaint ("Complaint") filed in this Court on June 15, 2026 by Plaintiff Josh Stogden ("Plaintiff").

**<u>ANSWER</u>**

In responding to the Complaint, Savvy denies all allegations contained therein unless specifically admitted below. Paragraph numbers in this document correspond to the paragraph numbers of the Complaint and respond to all allegations of the corresponding Complaint paragraph. Within each paragraph, if an allegation is not expressly admitted, it is denied. Savvy denies that it violated the Telephone Consumer Protection Act, or its regulations, ("TCPA") and denies that any class should be certified.

1. The allegations in Paragraph 1 discuss Plaintiff's intent regarding the filing of the Complaint and do not require a response. To the extent a response is required, Savvy denies that it violated the TCPA and denies that Plaintiff's case is entitled to class treatment.

2. Savvy denies the allegations in Paragraph 2 of the Complaint.

**NATURE OF ACTION**

3. The allegations in Paragraph 3 purport to quote and paraphrase a partially cited case and the TCPA, which speak for themselves, and do not require a response. To the extent a response is required, Savvy denies that it violated the TCPA.

4. The allegations in Paragraph 4 purport to quote and paraphrase a partially cited case, the TCPA and related regulations, which speak for themselves, and do not require a response. To the extent a response is required, Savvy denies that it violated the TCPA and denies that the regulations at 47 C.F.R. 64.1200(c)(2) apply to Plaintiff's allegations.

5. Savvy denies the allegations in Paragraph 5 of the Complaint and denies that the National Do Not Call regulations apply to Plaintiff's allegations.

6. Savvy denies the allegations in Paragraph 6 of the Complaint.

7. Savvy denies the allegations in Paragraph 7 of the Complaint.

**PARTIES**

8. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies those allegations.

9. Savvy admits it is a limited liability company. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Savvy denies the remaining allegations in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Savvy admits that Plaintiff alleges a single claim under the TCPA, which is a federal law, and denies that it violated the TCPA.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Savvy denies the allegations.

**PLAINTIFF'S ALLEGATIONS**

12. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the allegations.

15. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies the allegations.

16. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the allegations.

17. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the allegations.

18. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the allegations.

19. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies the allegations.

20. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the allegations.

21. Savvy denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint references text messages which speak for themselves. To the extent that a response is required, Savvy denies that it violated the TCPA or its regulations.

23. Paragraph 23 of the Complaint includes images which speak for themselves. To the extent that a response is required, Savvy denies that it violated the TCPA or its regulations.

24. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the allegations.

25. Savvy denies the allegations in Paragraph 25 of the Complaint.

26. Savvy denies the allegations in Paragraph 26 of the Complaint.

27. Savvy denies the allegations in Paragraph 27 of the Complaint.

28. Savvy denies the allegations in Paragraph 28 of the Complaint.

29. Savvy denies the allegations in Paragraph 29 of the Complaint.

30. Savvy denies the allegations in Paragraph 30 of the Complaint.

31. Savvy denies the allegations in Paragraph 31 of the Complaint.

**CLASS ALLEGATIONS**

32. Savvy incorporates by reference its answers to Paragraphs 1 through 31 into its answer to Paragraph 32 as if fully set forth herein.

33. The allegations in Paragraph 33 discuss Plaintiff's intent regarding the filing of the Complaint as well as the purported class definition and do not require a response. To the extent a response is required, Savvy denies that Plaintiff's case is entitled to class treatment, denies that the defined class exists or should be certified, and denies that the class action allegations have any merit.

34. The allegations in Paragraph 34 discuss Plaintiff's intent regarding the filing of the Complaint as well as the purported class definition and do not require a response. To the extent a response is required, Savvy denies that Plaintiff's case is entitled to class treatment, denies that the defined class exists or should be certified, and denies that the class action allegations have any merit.

35. Savvy denies the allegations in Paragraph 35, denies that Plaintiff's case is entitled to class treatment, and denies that the class action allegations have any merit.

36. Savvy denies the allegations in Paragraph 36, denies that Plaintiff's case is entitled to class treatment, and denies that the class action allegations have any merit.

37. Savvy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies the allegations. Savvy further denies that Plaintiff's case is entitled to class treatment and denies that the class action allegations have any merit.

38. Savvy denies the allegations in Paragraph 38 (including subparts a, b, c, and d), denies that Plaintiff's case is entitled to class treatment, and denies that the class action allegations have any merit.

39. Savvy denies the allegations in Paragraph 39, denies that Plaintiff's case is entitled to class treatment, and denies that the class action allegations have any merit.

40. Savvy denies the allegations in Paragraph 40 (including subparts a, b, c, and d), denies that Plaintiff's case is entitled to class treatment, and denies that the class action allegations have any merit.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the National DNC Class)**

41. Savvy incorporates by reference its answers to Paragraphs 1 through 40 into its answer to Paragraph 41 as if fully set forth herein.

42. The allegations in Paragraph 42 purport to describe a Federal Communications Commission order, are legal conclusions, and therefore do not require a response. To the extent a response is required, Savvy denies the allegations, denies that it violated the TCPA or its regulations and denies that 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) apply to text messages or wireless telephone numbers. *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

43. The allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, Savvy denies the allegations, denies that it violated the TCPA or its regulations and denies that 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) apply to text messages or wireless telephone numbers. *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

44. Paragraph 44 purports to quote TCPA regulations, which speak for themselves, and does not require a response. To the extent a response is required, Savvy denies that it violated the TCPA or its regulations and denies that 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) apply to text messages or wireless telephone numbers. *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

45. Paragraph 45 purports to quote TCPA's regulations, which speak for themselves, and does not require a response. To the extent a response is required, Savvy denies that it violated the TCPA or its regulations and denies that 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) apply to text messages or wireless telephone numbers. *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

46. Paragraph 46 purports to quote the TCPA, which speaks for itself, and does not require a response. To the extent a response is required, Savvy denies that it violated the TCPA and denies that 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) apply to text messages or wireless telephone numbers. *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

47. Savvy denies the allegations in Paragraph 47 of the Complaint.

48. Savvy denies the allegations in Paragraph 48 of the Complaint.

49. Savvy denies the allegations in Paragraph 49 of the Complaint, including that Plaintiff and anyone else is entitled to any relief.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

Savvy denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages (including actual damages or statutory damages), or any declaratory relief, injunctive relief, attorneys' fees or costs. Savvy further denies that Plaintiff should be appointed as a class representative, that Plaintiff is a proper class representative, that any class should be certified, and that his lawyers should be appointed as class counsel.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials and other statements in its Answer, Savvy states the following Affirmative Defenses. By setting forth these affirmative defenses, Savvy does not assume the burden of proof as to any fact issue or other element of any cause of action on which Plaintiff bears the burden of proof. Moreover, Savvy reserves the right to rely upon additional defenses to

claims asserted by Plaintiff to the extent that such defenses are supported by information developed in the course of litigation.

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration)**

Plaintiff cannot maintain this action to the extent that he agreed and is subject to arbitration clauses when he requested the allegations communications.

**SECOND AFFIRMATIVE DEFENSE**

**(47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) Are Not Applicable)**

Plaintiff's Complaint and claim, which are premised on the receipt of text messages on a mobile device, do not fall within the scope of 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) because the foregoing do not apply to mobile devices, wireless telephone numbers, or text messages (including because they are not calls). *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

**THIRD AFFIRMATIVE DEFENSE**

**(Prior Express Consent and Prior Express Written Consent)**

The Complaint and the purported claim are barred because Plaintiff consented. Savvy is informed that Plaintiff submitted his telephone number and solicited the communications of which he now complains. Like the named Plaintiff's purported claim, any claim of a putative class member is barred to the extent that they too consented to the conduct allegedly at issue.

**FOURTH AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

The Complaint and the purported claim are barred because Plaintiff created an established business relationship. Savvy is informed that Plaintiff submitted his telephone number, solicited the communications of which he now complains, and communications would have occurred pursuant to the established business relationship that Plaintiff created. 47 C.F.R. 64.1200(f)(5). Like the named Plaintiff's purported claim, any claim of a putative class member is barred to the extent that they too created established business relationships.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Failure To State A Claim)**

The Complaint fails to state a claim upon which relief may be granted.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Lack Of Standing And Lack Of Subject Matter Jurisdiction)**

The Complaint and each purported claim contained therein are barred because Plaintiff and any member of the putative class lack statutory and/or Article III standing. Plaintiff did not suffer any concrete injury caused by Savvy.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Lack Of Personal Jurisdiction)**

Personal jurisdiction over Savvy is not proper. Savvy is not domiciled in California or in this district; Savvy was not incorporated in California and is not headquartered in California or in this district. Nor did the alleged conduct at issue arise in California. Additionally, because Savvy is not subject to general jurisdiction in California, Plaintiff may not represent a nationwide class of individuals. *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017).

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Improper Venue)**

This Court is an improper venue to adjudicate the claims alleged in the Complaint. Savvy does not reside in California or in this district. Nor did a substantial part of any event occur in this state or district. Nor is Savvy subject to personal jurisdiction in this state or district. Savvy is not incorporated in California, Savvy is not headquartered in California, and did not direct any alleged conduct from California or this district. Venue is also improper to the extent Plaintiff agreed to arbitration.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Assumption of Risk, Contributory Negligence, Fraud, Waiver, Estoppel, Laches, Unclean Hands, Ratification, And Statute Of Limitations)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of assumption of risk, contributory negligence, fraud, waiver, estoppel, laches, unclean hands,

ratification, and/or applicable statutes of limitations. Including because Plaintiff solicited the communications he now alleges form the basis of the Complaint.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Plaintiff's Own Actions Or Inaction)**

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express written consent.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Defenses Specific To Class Members)**

Savvy may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Savvy reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Excessive Penalties)**

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process provision of the Fourteenth Amendment to the United States Constitution, and the Eighth Amendment to the United States Constitution.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(Third Parties/No Vicarious Or Agency Liability)**

Savvy is not liable to the extent any acts alleged in the Complaint were performed, if at all, by individuals and/or entities for whom Savvy is not vicariously liable.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(Established Practices And Procedures)**

Plaintiff's claim is barred because Savvy has established and implemented, with due care, written procedures, practices, and training to prevent telephone solicitations in violation of the

TCPA and that comply with 47 C.F.R. § 64.1200(c)(2). Additionally, a violation of the TCPA, if any, would have been in error.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance With Law)**

Savvy is not liable to Plaintiff or members of any putative class because Savvy acted reasonably and with due care and substantially complied with all applicable statutes, regulations, and/or other laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Damages Not Measurable On A Classwide Basis)**

Plaintiff's alleged damages, if any, are incapable of proof on a classwide basis.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack Of Residential Number or Listing on National DNC)**

Plaintiff's claim, and the claim of any purported class member, are barred to the extent that the telephone numbers do not qualify as residential telephone numbers and/or were not listed on the National Do Not Call Registry. Additionally, the claims are barred to the extent that the Plaintiff or putative class member themselves did not list the number on the National Do Not Call Registry.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Improper Class Action)**

This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff cannot prove the facts and prerequisites necessary for the maintenance of a class action, including typicality, numerosity, commonality, or adequate representation. Nor is it maintainable as a class action to the extent that Plaintiff and any class member has agreed to class action waivers.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation Of Rights)**

Savvy expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses.

**DEFENDANT'S PRAYER FOR RELIEF**

Savvy respectfully requests that the Court enter judgment against Plaintiff and award Savvy the following relief:

1. Enter Judgment in Savvy's favor;
2. Award Savvy its attorneys' fees and costs;
3. Dismiss Plaintiff's Complaint with prejudice;
4. Order that Plaintiff take nothing by the Complaint; and
5. Provide such further relief as the Court deems appropriate.

Dated: September 16, 2026

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

*/s/ Esteban Morales*
Esteban Morales

Attorneys for Defendant
SAVVY INSURANCE SOLUTIONS, LLC