Alex N. Jilizian
CA SBN 362307
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (213) 866-5293
[f] (508) 318-8100
alex@paronichlaw.com

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH STOGDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>SAVVY INSURANCE SOLUTIONS, LLC.<br><br>Defendant. | Case No. 1:26-cv-04634<br><br>**JOINT SCHEDULING REPORT**<br><br>DATE: September 24, 2026<br>TIME: 3:00 p.m. |

Counsel for Plaintiff Josh Stogden and counsel for Defendant Savvy Insurance Solutions, LLC ("Savvy") met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 240. They hereby jointly submit this Joint Scheduling Report.

**1. <u>Jurisdiction and Service</u>**

Plaintiff asserts that this Court has federal-question subject-matter jurisdiction over Plaintiff's claims, which are brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and that venue is proper. Defendant acknowledges that Plaintiff asserts a claim under the TCPA but reserves its rights to move to compel this matter to arbitration.

**2. <u>Facts</u>**

Plaintiff's Statement

Plaintiff alleges that he has been, for many years, the sole user of his residential cellular telephone number, and that he registered that number with the National Do-Not-Call Registry on April 1, 2010. Plaintiff alleges that, more than thirty-one days later, Defendant delivered, or caused to be delivered, at least three telemarketing text messages to Plaintiff's telephone number—on December 19, 2025, January 13, 2026, and February 10, 2026—advertising Defendant's insurance brokerage services, without Plaintiff's prior express invitation or permission. Plaintiff alleges that the text messages were actually addressed to a different, unknown individual. Plaintiff alleges that Defendant's conduct violated the TCPA's National Do Not Call regulations, 47 C.F.R. § 64.1200(c), and 47 U.S.C. § 227(c)(5), and seeks relief on behalf of himself and similarly situated consumers.

Defendant's Statement

Defendant denies Plaintiff's allegations. Defendant is informed that Plaintiff solicited the communications of which he now complains. Defendant's investigation is ongoing, however, it notes that the IP address believed to have been associated with the consent event at issue is associated with the internet provider that Defendant also believes provides services to Plaintiff's phone number. Defendant reserves its rights with respect to all defenses, including prior express consent and the existence of an established business relationship. *See* 47 C.F.R. § 64.1200(c)(2) (applying only to "telephone solicitations") and (f)(15) (defining "telephone solicitation" to exclude calls made with prior express invitation or permission and/or pursuant to an "established business relationship"). Additionally, Plaintiff's allegations are premised on the receipt of text messages – text messages are not "calls" for purposes of the TCPA and do not trigger 47 U.S.C. § 227(c)(5) (the private right of action that Plaintiff attempts to invoke) or 47 C.F.R. § 64.1200(c)(2) (the implementing regulation upon which Plaintiff's Complaint is premised). *See e.g. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025); *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026).

**3. <u>Legal Issues</u>**

<u>Plaintiff's Statement</u>

The principal legal issues expected to include some or all of the following are:

(a) Whether Defendant's text messages constituted telephone solicitations or telemarketing under the TCPA;

(b) Whether Plaintiff's telephone number was a residential telephone number protected by the TCPA;

(c) Whether Plaintiff's and class members' telephone numbers were registered on the National Do Not Call Registry for at least 31 days before Defendant's text messages were sent;

(d) Whether Defendant sent, or caused to be sent, more than one telemarketing text message to Plaintiff's and class members' telephone numbers within a 12-month period;

(e) Whether Defendant obtained prior express invitation or permission before sending the text messages at issue;

(f) Whether Defendant maintained and implemented procedures reasonably designed to comply with the TCPA's National Do Not Call requirements;

(g) Whether Defendant's conduct was knowing or willful;

(h) Whether class certification should be granted pursuant to Rule 23; and

(i) Whether injunctive relief is appropriate.

<u>Defendant' Statement</u>

Defendant anticipates that the principal legal issues will include:

(a) Whether Plaintiff agreed to an arbitration clause(s);

(b) Whether Plaintiff consented to the alleged communications;

(c) Whether Plaintiff created an established business relationship;

(d) Whether text messages fall within the scope of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2);

(e) Whether mobile devices fall within the scope of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2);

(f) Whether the telephone number at issue is a "residential" number for purposes of 47 C.F.R. § 64.1200(c)(2);

(g) Whether Plaintiff has standing to bring this case; and

(h) Whether Plaintiff is an adequate class representative.

**4. Motions**

Plaintiff's Statement

Following discovery, Plaintiff anticipates filing a motion for class certification. Depending on the facts developed during discovery, Plaintiff may also file motions for summary judgment or partial summary judgment, motions relating to discovery disputes, motions in limine, and motions concerning expert testimony.

Defendant' Statement

Defendant's investigation of the underlying facts is ongoing and Defendant reserves its rights to file a Motion to Compel the Case to Arbitration. Defendant may also file a Motion for Judgment on the Pleadings and will file a Motion for Summary Judgment if the case remains in this Court. Defendant will oppose any Motion for Class Certification, Motion for Summary Judgment/Partial Summary Judgment, and motion relating to a discovery dispute and reserves its rights to oppose any other motion that Plaintiff may bring.

**5. Amendment of Pleadings**

The parties' proposed deadlines are in the table below.

**6. Evidence Preservation**

The parties certify that their counsel have met and conferred pursuant to Federal Rule of Civil Procedure 26(f)(3)(C) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Counsel have instructed the parties to

preserve logs of calls and text messages between Defendant (on the one hand) and any proposed class member (on the other hand).

**7. Disclosures**

The parties agreed to make their initial disclosures by the date in the table below.

**8. Discovery**

a. Discovery Taken to Date

Plaintiff will propound discovery requests when the Court enters a Schedule. Defendant reserves its rights to propound discovery following the completion of its initial factual investigation, which may impact whether this case belongs in arbitration.

b. Scope of Anticipated Discovery

Plaintiff's Statement

Plaintiff anticipates that the focus of discovery will include:

(a) the text message campaigns at issue;

(b) records concerning Plaintiff and putative class members;

(c) records concerning consent, opt-in activity, and opt-out activity;

(d) Defendant's TCPA compliance policies, procedures, and training;

(e) contracts, communications, and records concerning vendors or service providers involved in Defendant's text messaging campaigns;

(f) consumer complaints concerning calls or text messages;

(g) class identification and class membership data;

(h) Defendant's knowledge of TCPA requirements and compliance obligations; and

(i) issues relating to damages and injunctive relief.

Defendant' Statement

If this case remains in this Court, Defendant anticipates that discovery will focus on:

(a) Whether Plaintiff agreed to arbitration and/or class action waivers;

(b) Whether Plaintiff consented to the alleged communications;

(c) Plaintiff's telephone numbers and device(s);

(d) Plaintiff's internet service provider;

(e) Plaintiff's mobile and service provider;

(f) Plaintiff's internet usage (including browser records);

(g) Other TCPA claims associated with Plaintiff; and

(h) Plaintiff's ability to serve as a class representative.

c. Limitations or Modifications of Discovery Rules

The Parties agree that they will serve and accept service of discovery requests and responses electronically. As Defendant further discusses below, Defendant respectfully submits that merits and class discovery should be bifurcated, such that merits discovery on Plaintiff's individual claim (focusing on whether Plaintiff agreed to arbitration, consented, and created an established business relationship) occurs first.

d. Proposed Discovery Plan

The parties propose their respective schedules set forth in the tables below.

e. Identified Discovery Disputes

No discovery has yet come due. The parties agree generally to meet and confer as to any future discovery disputes in order to try to narrow the scope of their disagreement and reduce the need for judicial intervention.

**9. Class Actions**

The Parties propose their respective deadlines for class certification in the tables below.

**10. Related Cases**

The Parties are aware of no related cases.

**11. Relief**

Plaintiff's Statement

Plaintiff seeks all relief requested in the Complaint, including certification of the proposed classes, statutory damages, treble damages for knowing or willful violations, injunctive relief prohibiting future TCPA violations, costs, and all other relief authorized by law.

Defendant' Statement

Defendant denies that Plaintiff is entitled to any relief, including certification of any class, damages (including statutory or trebled damages), injunctive relief, costs, or any other relief.

**12. Settlement and ADR**

The Parties have not yet engaged in ADR. The parties propose that they engage in private mediation.

**13. Consent to Magistrate Judge for All Purposes**

The parties have not consented to proceed before a magistrate judge.

**14. Other References**

The Parties do not believe the case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. Plaintiff does not believe the case is suitable for reference to binding arbitration. Defendant is continuing its investigation of the underlying facts and reserves its rights to file a Motion to Compel the Case to Arbitration.

The Parties are negotiating the entry of a Stipulated Protective Order pursuant to Local Rule 141.1.

**15. Narrowing of Issues**

The Parties have not reached agreement on narrowing of any issues in this case at this juncture.

**16. Scheduling**

Plaintiff's proposal:

| EVENT | PLAINTIFF'S PROPOSAL |
|---|---|
| Deadline to serve initial disclosures | 14 days after the Court enters a Scheduling Order |

| EVENT | PLAINTIFF'S PROPOSAL |
|---|---|
| Last day to join other parties and to amend pleadings | 90 days after the Court enters a Scheduling Order |
| Last day to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures | 150 days after the Court enters a Scheduling Order |
| Last day to exchange expert witness rebuttal reports | 180 days after the Court enters a Scheduling Order |
| Deadline to engage in settlement conference or private mediation. See Local Rule 270, 271. | 180 days after the Court enters a Scheduling Order |
| Deadline for Non-Expert Discovery and Filing Motion to Compel. See Fed. R. Civ. P. 37. | 210 days after the Court enters a Scheduling Order |
| Mid-Discovery Status Conference (telephonic, before the assigned Magistrate Judge). A joint report is due at least 14 days before the conference. | To be set by the Court, midway through the discovery period |
| Last day to file motions for summary judgment | 90 days after a ruling on the class certification motion |
| Last day to file motion for class certification | 30 days after the close of expert discovery |

<u>Defendant' Proposal:</u>

Defendant respectfully requests that the Court bifurcate discovery, allowing discovery to proceed only as to Plaintiff's individual claim first, focusing on whether Plaintiff agreed to arbitration clauses, consented, created an established business relationship, and has standing. The foregoing issues should be decided first before the Parties engage in costly class discovery, which Defendant submits is unnecessary in this case. Defendant proposes the following schedule:

- Discovery should be limited to merits issues as to Plaintiff's individual claim for 120 days (and class discovery stayed);

- Defendant would promptly file a Motion for Summary Judgment 30 days after the close of the initial discovery period (Defendant may also file a Motion to Compel the Case to Arbitration before then if discovery confirms that Plaintiff agreed to an arbitration clause(s))

Efficiency, the early stage of the case, the disproportionate burden of discovery on Defendant in this case, and fairness all warrant bifurcation. Bifurcating discovery in this case is consistent with "secur[ing] the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. As described above, Defendant's position is that Plaintiff consented to the alleged communications. Bifurcating discovery would allow the Court to efficiently determine whether this case should proceed at all. These key issues would be decided before the parties would have to engage in expensive, and likely wasteful, class discovery.

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Deadline to serve initial disclosures | 14 days after the Court enters a Scheduling Order |
| Last day to join other parties and to amend pleadings | 90 days after the Court enters a Scheduling Order |
| Last day to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures | 365 days after the Court enters a Scheduling Order |
| Last day to exchange expert witness rebuttal reports | 395 days after the Court enters a Scheduling Order |
| Deadline to engage in settlement conference or private mediation. See Local Rule 270, 271. | 180 days after the Court enters a Scheduling Order |
| Deadline for Non-Expert Discovery and Filing Motion to Compel. See Fed. R. Civ. P. 37. | 365 days after the Court enters a Scheduling Order |

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Mid-Discovery Status Conference (telephonic, before the assigned Magistrate Judge). A joint report is due at least 14 days before the conference. | To be set by the Court, after the Parties complete merits discovery as to the named Plaintiff |
| Last day to file motions for summary judgment | 90 days after a ruling on the class certification motion |
| Last day to file motion for class certification | 30 days after the close of expert discovery |

**17. Trial**

The parties anticipate that trial will last 3-5 days.

**18. Disclosure of Non-party Interested Entities or Persons**

The parties have filed their Certifications of Interested Entities or Persons.

**19. Professional Conduct**

All attorneys of record have reviewed and will comply with the Standards of Professional Conduct set forth in Local Rule 180(e).

**20. Other Matters**

The Parties do not believe that there are other matters to discuss at this time.

**ADDITIONAL CLASS ACTION INFORMATION**

**1. Specific Paragraphs of Federal Rule of Civil Procedure 23**

Plaintiff's Statement

This action meets the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

Defendant' Statement

Defendant denies that this case meets the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and denies that this case is suitable for class certification.

**2. Description of Classes**

The Plaintiff intends to pursue the following classes:

> **National DNC Class:** All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Defendant denies that the foregoing class (or any class) exists and denies that this case is suitable for class certification. Defendant opposes any motion that Plaintiff may file to attempt to certify a class.

**3. Facts Showing Plaintiff Is Entitled to Maintain the Action under Federal Rule of Civil Procedure 23(a) and (b)**

Plaintiff's Statement

*Fed R. Civ. P. 23(a)(1), Numerosity*

The Class is so numerous that joinder of all its members is impracticable as telemarketing campaigns are typically conducted *en masse*. Indeed, here the Defendant used automated technology to send to the communications, which only makes financial sense to do *en masse*

*Fed R. Civ. P. 23(a)(2), Commonality*

Due in part to the automated, routinized nature of Defendant's telemarketing, outcome-determinative questions of fact and law have the same answers for all members of a given class. These questions include but are not limited to the following:

(a) whether Defendant transmitted the challenged text messages;

(b) whether the messages constituted telemarketing;

(c) whether class members' telephone numbers were registered on the National Do Not Call Registry for at least 31 days before receiving Defendant's messages;

(d) whether Defendant possessed valid consent;

(e) whether Defendant sent more than one telemarketing message to class members' telephone numbers within a 12-month period;

(f) whether Defendant maintained TCPA-compliant policies and procedures;

*Fed R. Civ. P. 23(a)(3), Typicality*

Plaintiff's claims arise from the same course of conduct and are based on the same legal theories as the claims of the proposed classes.

*Fed R. Civ. P. 23(a)(4), Adequacy*

Josh Stogden is an adequate class representative, has no conflict with the proposed class, and is committed to seeing this matter through to a remedy for all class members.

Plaintiff's counsel have litigated TCPA class actions in this District, been appointed as class counsel in this District, and across the country, reaching classwide settlements in dozens of cases.

*Fed. R. Civ. P. 23(b)(2), Applicability*

For several of the same reasons that commonality is satisfied, Defendant has acted on grounds generally applicable to the entire classes, so that a permanent injunction for the benefit of the entire classes is appropriate. That injunction—or lack thereof—will, as a practical matter, apply classwide.

*Fed. R. Civ. P. 23(b)(3), Predominance*

Common questions predominate because liability turns largely on Defendant's uniform conduct, policies, practices, procedures, and records.

*Fed. R. Civ. P. 23(b)(3), Superiority*

Class treatment is superior because the statutory value of individual claims is relatively modest, making individual litigation impractical, while class treatment promotes efficient resolution of common issues. That is so in part because "the statutory damages provided by the

TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

<u>Defendant' Statement</u>

The facts do not support class certification and Plaintiff's claim—assuming it presents a colorable theory under the TCPA post-*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)—is not suited to class treatment. The central issues that are embedded in Plaintiff's claim demonstrate that the claim is rife with individualized issues requiring specific fact-finding that defeat class certification. Just as to the named Plaintiff, those individualized issues include:

- Whether the Plaintiff visited a website and agreed to arbitration;
- Whether the Plaintiff visited a website and consented to the communications allegedly at issue;
- Whether Plaintiff visited a website and created an established business relationship;
- Whether the alleged communications fall within the scope of consent that Plaintiff provided;
- Whether the alleged communications were made within the scope of an established business relationship that Plaintiff created;
- Whether Plaintiff has standing, including Article III standing, to pursue this case;
- How Plaintiff uses his alleged mobile number and whether it should qualify as a "residential" telephone in light of that use;
- Whether Plaintiff has other telephone numbers, how those telephone numbers are used, and whether the alleged mobile number should qualify as a "residential" telephone in light of other telephone numbers and their use.

The foregoing list is not exhaustive. But, at this early stage, it demonstrates why this case is not suitable for class certification. Plaintiff's claim will, for example, require examining use records

for Plaintiff's electronic devices, investigating internet service providers that the Plaintiff uses and has used, investigating mobile and landline service providers that the Plaintiff uses and has used, obtaining data and documents from third parties (including to evaluate what IP addresses were assigned to Plaintiff on the day that Defendant believes Plaintiff consented), examining Plaintiff's calling and texting practices, and, among other things, reviewing the mobile account at issue in this case and whether Plaintiff pays for it. Accordingly, Defendant denies that any requirements to certify a class, including under Fed. R. Civ. P. 23(a)(1)-(4) and (b)(2)-(3) can be satisfied. This case is not appropriate for class certification and should not proceed to class discovery.[1]

**4. Proposed Date**

Plaintiff proposes that the motion for class certification be filed by the date in the table above. Defendant will oppose a motion for class certification.

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED this September 17, 2026

By:

*/s/ Alex N. Jilizian*
Alex N. Jilizian (CA SBN 362307)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (213) 866-5293
[f] (508) 318-8100
alex@paronichlaw.com

[1] Plaintiff makes references to "automated" technology. Those references are irrelevant because a claim premised on the use of an "automatic telephone dialing system" is not at issue.

*/s/ Esteban Morales*
Esteban Morales
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: emorales@mintz.com
Counsel for Defendant