UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH STOGDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAVVY INSURANCE SOLUTIONS, LLC,<br><br>Defendant. | Case No. 1:26-cv-04634-JLT-HBK<br><br>INITIAL CASE MANAGEMENT AND SCHEDULING ORDER |

Plaintiff proceeds on his Complaint filed June 15, 2026. (Doc. 1). Defendant filed an answer on September 16, 2026. (Doc. 14).

The Court conducted a mandatory initial scheduling conference by telephone on September 24, 2026. Alex N. Jilizian appeared for Plaintiff and Esteban Morales Fabila appeared for Defendant. Having reviewed the parties' Joint Scheduling Report (Doc. 16), and after discussion with the parties, the Court enters this Initial Case Management and Scheduling Order for this putative class action under the Telephone Consumer Protection Act, 42 U.S.C. § 227(c), and its implementing regulations pursuant to Federal Rules of Civil Procedure 16(b) and 23(d)(1).

////

I. Deadlines and Dates

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). *If not already served.* | 10/15/2026 |
| Deadline to move to join parties or amend pleadings. *See* Fed. R. Civ. P. 14, 15, 19, 20. | 01/04/2027 |
| Phase I Discovery Deadline. *See* Fed. R. Civ. P. 26 through 37; 23. | 02/25/2027 |
| Deadline for Defendant to file a motion to compel arbitration and/or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or to file a notice stating that it does not intend to pursue either motion at this stage. Absent good cause, Defendant may not later seek to file either motion based on grounds known or reasonably available by this deadline. | 01/04/2027 |
| Rule 23 and dispositive-motion status conference (by telephone). Dial-In: 669-254-5252; Meeting ID 160 644 7139; Passcode 646053. | 03/08/2027 at 1:00 p.m. |

II. Phase I Discovery

The Court declines to impose a blanket stay of class-related discovery based solely on Defendant's stated intention to pursue, or reservation of, an arbitration defense or an anticipated dispositive motion. At the same time, unrestricted merits discovery concerning all absent putative class members would be premature and disproportionate at this stage.

During Phase I, discovery shall be limited to matters relevant to: (1) the existence, formation, enforceability, and applicability of any purported arbitration agreement; (2) the named plaintiff's individual claims and defenses; and (3) issues reasonably necessary to evaluate the requirements for class certification under Rule 23, including ascertainability to the extent applicable, commonality, predominance, and the feasibility of identifying putative class members through Defendant's or its vendors' records, including:

a. Call and message ecosystem: Defendant's relationship to the entities, vendors, platforms, campaigns, and data sources involved in the calls or messages at issue.

b. Relevant systems and records: The databases and other repositories containing relevant campaign and communication

records; their custodians, retention periods, data fields, identifiers, and the extent to which the records can be linked to recipient telephone number, date and time of contact, campaign, seller, vendor, source of consent or inquiry, Do Not Call ("DNC') status, established business relationship status, and opt-out information.

c. DNC, consent, and compliance practices: Standard operating procedures concerning access to and use of the National Do Not Call Registry; internal do-not-call lists; list scrubbing; consent collection and retention; EBR coding; revocation and opt-out handling; vendor oversight; auditing; and campaign approval.

d. Aggregate and representative information: Aggregate counts of unique dialed/texted numbers, number of contacts per number, campaigns, date ranges, records of prior transactions or inquiries, and available consent and DNC-status fields.

e. The named plaintiff's individual records: all alleged contacts; and records concerning any asserted consent, established business relationship ("EBR"), account, inquiry, opt-out, or arbitration agreement.

f. Sampling: A reasonable sample or staged sample of putative class records if it bears on predominance, ascertainability, or manageability. Defendant need not produce all putative-class files during Phase I unless the parties agree or the Court later finds broader production justified and proportional.

g. Discovery Method: Rule 30(b)(6) testimony, written discovery , or both, directed to systems, data structure, retention practices, policies, vendor relationships, consent and EBR records, and DNC controls.

Discovery directed at the merits and damages of absent putative class members is deferred unless the parties agree otherwise or the Court orders such discovery upon a showing that it is material to class certification and proportional to the needs of the case.

Defendant shall promptly disclose to Plaintiff the factual and contractual basis for any contention that Plaintiff agreed to arbitrate the claims asserted in this action, including the identity of the alleged agreement, the manner of assent, and the records on which Defendant relies. Any motion to compel arbitration shall be filed by the deadline set forth above, absent good cause. Nothing in this Order resolves the merits of any arbitration defense, the enforceability or applicability of any purported arbitration agreement, or any issue of waiver.

The Court will hold an early Rule 23/dispositive-motion telephone conference after Phase I discovery to determine whether further class merits discovery is necessary and, if so, to define

its scope. At the Rule 23/dispositive-motion conference, Defendant shall be prepared to state whether it intends to seek summary judgment or other dispositive relief as to the named plaintiff, whether it contends that class certification should be denied on the existing or anticipated record, and what additional discovery, if any, it contends is necessary before class-certification briefing. The parties shall be prepared to propose deadlines for class certification briefing at this time.

The parties shall meet and confer regarding a proposed protective order and data-production protocol addressing confidentiality, personally identifiable information, de-identification, aggregation, sampling, data dictionaries, and any necessary validation or representative-data procedures.

The parties remain subject to the discovery limitations imposed by the Federal Rules of Civil Procedure and this Court's Local Rules. The discovery-completion deadline requires completion of all discovery, including resolution of discovery disputes, by the date set in this Order. Motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

III. Motions Practice

A. Briefing, Deadlines, Hearings

Moving and opposition briefs or legal memoranda in civil matters before Judge Barch-Kuchta shall not exceed 25 pages without prior leave of Court. Reply briefs may not exceed 10 pages. These limitations exclude exhibits or declarations. The Court may strike or decline to consider any brief that exceeds these limits without prior leave.

Local Rule 230(b) governs the deadlines for responses and replies. The Court ordinarily decides motions on the papers without oral argument under Local Rule 230(g). If oral argument would assist the Court, it will set a hearing after reviewing the record and briefing.

B. Informal Discovery Conference

Prior to filing a discovery motion under Federal Rule of Civil Procedure 37, a party must obtain leave of Court following an informal discovery conference. This conference is separate from the Mid-Discovery Conference set above.

The procedures governing informal discovery conferences are available in Judge Barch-

Kuchta's Civil Procedures tab on this Court's webpage.[1] A party seeking an informal discovery conference shall contact chambers to obtain available dates. The Court will schedule the conference as promptly as practicable, considering the urgency of the dispute.

Before contacting chambers, the parties must meet and confer in person, by telephone, or by video conference in a good faith effort to resolve the dispute.

Before the conference, each party shall simultaneously submit a letter brief, not exceeding three pages, setting forth its position. The letter briefs shall not be filed on the docket. Instead, the parties shall email the briefs to chambers at hbkorders@caed.uscourts.gov.

After the informal discovery conference, the parties shall conduct at least one additional telephone or video conference meet and confer session in a good faith effort to resolve the dispute before seeking judicial intervention.

C. Discovery Motions

A party filing a motion to compel under Federal Rule of Civil Procedure 37 shall prepare and file a Joint Statement Regarding Discovery Disagreement in compliance with Local Rule 251. Failure to comply with Local Rule 251 may result in denial of the motion without prejudice and removal of the matter from the Court's calendar.

In addition to electronically filing a Joint Statement, the parties shall email a Word version to chambers at hbkorders@caed.uscourts.gov.

IV. Effect of This Order

This Initial Case Management Scheduling Order reflects the Court's and the parties' best estimate of the schedule appropriate for this action. All dates are firm and will not be modified absent a showing of good cause, even by stipulation.

The Court will not consider a stipulation to extend any deadline unless it is supported by declarations and, where appropriate, exhibits establishing good cause for the requested relief. Failure to comply with this Order may result in sanctions.

////

////

[1] Available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

DONE AND ORDERED:

Dated: October 1, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE